# STATE OF MICHIGAN

# COURT OF APPEALS


*In re* ROBINSON, Minors.

UNPUBLISHED
September 29, 2015

No. 326029
Wayne Circuit Court
Family Division
LC No. 01-403566-NA


Before: K. F. KELLY, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Respondent appeals the trial court's order that terminated her parental rights to her twin children pursuant to MCL 712A.19b(3)(g), (j), (l), and (m). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

In August 2014, the Department of Health and Human Services ("DHHS" or "the Department") filed a petition for permanent custody over the minor children at issue in this case, the twin siblings LR and LR. The petition noted that this is not respondent's first encounter with social services—she has 10 children (by as many men),[1] and her parental rights to 3 of those children have already been terminated.[2] The previous termination proceedings detailed respondent's severe mental health issues, chaotic personal life, inability to perform basic parental duties, and unwillingness to improve her parental abilities through treatment and educational programs. After a preliminary hearing, the trial court authorized the petition and placed the children in the care of a maternal aunt, who has custody of other children mothered by respondent.

Over the next few months, the state provided respondent with mental health and parenting services, as well as monitored parenting time. Despite this extensive assistance,

---

[1] According to the record, only 3 of the children have identified fathers—the fathers of the other 7 children (including the twins) are unknown.

[2] Respondent gave up 3 of her other children to adoptive parents, and does not have custody over her other 2 children.

respondent's mental health only exhibited marginal improvement, and her parenting abilities remained almost non-existent.

The CPS worker responsible for helping respondent with her cognitive problems noted that respondent's mental instability posed a danger to the children, because it rendered her unable to appreciate "the risk of . . . potential harm to her children." Likewise, the foster care worker who monitored respondent during parenting time noted that, in addition to missing scheduled parenting time on two occasions, respondent lacked the ability or interest to perform basic parental duties, such as recognizing when a diaper needed to be changed, supporting the babies' heads when she held them, and understanding how to burp a child. Respondent's deficiencies in this regard were particularly troubling to the foster care worker, because one of the twins has acid-reflux disease and breathing problems. As a result, this child must be carefully monitored, and cared for and fed in a specific way. Moreover, the twins evinced little affection for respondent during parenting time.

As a result of respondent's ongoing mental problems and lack of improvement in her parenting skills, the Department requested that the trial court terminate her parental rights. Respondent stipulated to the trial court's jurisdiction over the children in October 2014, and the court held a termination hearing in November and December of that year.

At the hearing, the trial court heard testimony from two social workers involved in the case, a friend of respondent, and respondent herself. The social workers testified to the above, and both recommended termination of respondent's parental rights, while respondent and her friend asked the court to preserve respondent's parental rights. The court also received information on respondent's financial, housing, and employment situation, none of which was positive—respondent does not appear to be employed, and her income consists solely of government benefits.[3]

At the conclusion of the termination proceedings, the trial court terminated respondent's parental rights pursuant to MCL 712A.19b(3)(g), (j), (l), and (m). In its explanation of its holding and determination that termination was in the children's best interests, the court reasoned that although respondent appeared to love her children, termination was warranted because of respondent's: (1) severe mental problems; (2) unstable income and living situation; (3) lack of a bond with the twins; (4) parental history with her other children; and (5) demonstrated inability to care for the twins, one of whom has medical issues. The court also explicitly noted that LR and LR were "well cared for" by their maternal aunt, who was interested in adopting them.

On appeal, respondent claims that the trial court erred when it determined that termination was in the children's best interests. The Department asks us to affirm the termination of her parental rights.

---

[3] The details of respondent's living arrangements are unclear—though she claimed to have obtained an apartment in Detroit through government assistance, the court also heard evidence that respondent was actually illegally residing in a home with no heat.

## II. STANDARD OF REVIEW

A trial court's decision regarding a child's best interests is reviewed for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). A decision is clearly erroneous "if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004). Whether termination is in the child's best interests is determined by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013).

## III. ANALYSIS

When it decides whether termination of a respondent's parental rights is in a child's best interests, a court may consider, among other things: the parent's parenting ability, the parent's history of substance abuse and/or mental health issues,[4] the child's bond to the parent, the child's safety and well-being,[5] the advantages of a foster home over the parent's home, the possibility of adoption,[6] and the child's "need for permanency, stability, and finality." *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012). In cases where a child is living with a relative when the case proceeds to termination, a court must explicitly address the matter when it determines the child's best interests. *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010).

In this case, the trial court sensibly found that termination of respondent's parental rights is in the twins' best interests. Again, the record demonstrates that respondent has: (1) severe mental problems; (2) an unstable income and living situation; (3) no bond with her children; (4) neglected and failed to parent her other children, who are no longer in her care; and (5) a demonstrated inability to care for the twins, one of whom has medical issues. And, to repeat, LR and LR are in the care of a maternal aunt, who has a stable living situation and is interested in adopting them—a fact that the trial court explicitly addressed in its determination of the children's best interests.[7] See *In re Mason*, 486 Mich at 164.

Accordingly, the trial court correctly held that termination of respondent's parental rights is in the best interests of the children.

---

[4] *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001).

[5] *In re VanDalen*, 293 Mich App 120, 142; 809 NW2d 412 (2011).

[6] *In re White*, 303 Mich App at 714.

[7] Respondent unavailingly asserts that termination of her parental rights was "premature" because she supposedly was not given an opportunity to participate in reunification services. The Department was not required to make reasonable efforts to reunify the twins with respondent because respondent's rights to the twin's siblings were involuntarily terminated. MCL 712A.19a(2)(c).

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Henry William Saad